UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

COURTNEY GARRIS,

                              Plaintiff,         Docket No.: 13 cv 2605 (CM) (DCF)

                   -v-                              ANSWER TO FIRST AMENDED COMPLAINT

TRADING TECHNOLOGIES
INTERNATIONAL, INC.,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Defendant, Trading Technologies International, Inc., through its attorney of record, Wilson Elser Moskowitz Edelman & Dicker, Answers the First Amended Complaint upon information and belief as follows:

## AS TO THE PARTIES

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the First Amended Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

2. Admits the allegations set forth in paragraph "2" of the First Amended Complaint.

3. Admits the allegations set forth in paragraph "3" of the First Amended Complaint.

## AS TO THE FACTS

4. Admits the allegations set forth in paragraph "4" of the First Amended Complaint.

5. Denies the allegations set forth in paragraph "5" of the First Amended Complaint, except admits that Mr. Campanella was hired as Managing Director of Trading Technologies' New York City office in 2011, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

6. Denies the allegations set forth in paragraph "6" of the First Amended Complaint, except admits that plaintiff was terminated and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

7. Denies the allegations set forth in paragraph "7" of the First Amended Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

8. Denies the allegations set forth in paragraph "8" of the First Amended Complaint except admits Campanella shared a brief video made by a friend of his with plaintiff and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

9. Denies the allegations set forth in paragraph "9" of the First Amended Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

10. Denies the allegations set forth in paragraph "10" of the First Amended Complaint except admits that a 60-year-old client of Trading Technologies' "commented that he 'wanted to bang the snot' out of" a then 27- year-old account manager and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

11. Denies the allegations set forth in paragraph "11" of the First Amended Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

12. Denies the allegations set forth in paragraph "12" of the First Amended Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

13. Denies the allegations set forth in paragraph "13" of the First Amended Complaint

and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

14. Denies the allegations set forth in paragraph "14" of the First Amended Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

15. Denies the allegations set forth in paragraph "15" of the First Amended Complaint except admits that plaintiff complained to Campanella regarding not being promoted and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

16. Denies the allegations set forth in paragraph "16" of the First Amended Complaint except admits plaintiff was terminated as part of a reduction in force for which she was selected due to her being an average to below average employee and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

### AS A RESPONSE TO THE FIRST CAUSE OF ACTION
### DISCRIMINATION UNDER THE NEW YORK CITY
### ADMINISTRATIVE CODE

17. Denies the allegations set forth in paragraph "17" of the First Amended Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

18. Denies the allegations set forth in paragraph "18" of the First Amended Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

### AS A RESPONSE TO THE SECOND CAUSE OF ACTION
### RETALIATION UNDER THE NEW YORK CITY
### ADMINISTRATIVE CODE

19. Denies the allegations set forth in paragraph "19" of the First Amended Complaint

and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

20. Denies the allegations set forth in paragraph "20" of the First Amended Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

### AS A RESPONSE TO THE THIRD CAUSE OF ACTION
### DISCRIMINATION UNDER TITLE VII OF
### THE CIVIL RIGHTS ACT OF 1964

21. Admits the allegation set forth in paragraph "21" of the First Amended Complaint.

22. Denies the allegations set forth in paragraph "22" of the First Amended Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

23. Denies the allegations set forth in paragraph "23" of the First Amended Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

### AS A RESPONSE TO THE FOURTH CAUSE OF ACTION
### RETALIATION UNDER TITLE VII OF
### THE CIVIL RIGHTS ACT OF 1964

24. Denies the allegations set forth in paragraph "24" of the First Amended Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

25. Denies the allegations set forth in paragraph "25" of the First Amended Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

**FIRST AFFIRMATIVE DEFENSE**

26. Plaintiff's First Amended Complaint fails to state a cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

27. Defendant exercised reasonable care to prevent and promptly correct any discriminatory or retaliatory behavior in its workplace, and although defendant denies any such acts occurred with respect to plaintiff, plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities or to otherwise avoid harm.

**THIRD AFFIRMATIVE DEFENSE**

28. To the extent that any adverse actions were taken by defendant, they were taken for legitimate non-discriminatory business reasons.

**FOURTH AFFIRMATIVE DEFENSE**

29. Subject to proof through discovery, plaintiff has failed in whole or in part to mitigate her purported damages.

**FIFTH AFFIRMATIVE DEFENSE**

30. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

31. Plaintiff's claims are barred in whole or in part by the doctrines of latches, waiver or estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

32. Any damages awarded to plaintiff would result in unjust enrichment.

### EIGHTH AFFIRMATIVE DEFENSE

33. Plaintiff's conduct was the sole cause of damages alleged in the First Amended Complaint, and as such, is a bar to this action.

### NINTH AFFIRMATIVE DEFENSE

34. Plaintiff is not entitled to punitive damages.

### TENTH AFFIRMATIVE DEFENSE

35. Defendant has established, implemented and complied with the policies, programs and procedures for prevention and detection of unlawful discrimination by employees in accordance in accordance with § 8-107(13)(d) of Tile 8 of the New York City Administrative Code.

### ELEVENTH AFFIRMATIVE DEFENSE

36. Mitigating factors should be taken into account in accordance with § 8-126 (h) of Tile 8 of the New York City Administrative Code.

### TWELFTH AFFIRMATIVE DEFENSE

37. All relevant factors should be considered in accordance with Section 8-107(13) (e) and (f) of Title 8 of the New York City Administrative Code.

### THIRTEENTH AFFIRMATIVE DEFENSE

38. Defendant cannot be held vicariously liable for punitive damages under Title 8 of the New York City Administrative Code.

### FOURTEENTH AFFIRMATIVE DEFENSE

39. Plaintiff has failed to exhaust her administrative remedies and to satisfy the statutory prerequisites to filing suit under Title VII.

### FIFTEENTH AFFIRMATIVE DEFENSE

40. The complained of conduct consisted of no more than petty slights and therefore not actionable.

### SIXTEENTH AFFIRMATIVE DEFENSE

41. The complained of conduct was not reasonably likely to deter a person from engaging in protected activity and therefore not actionable.

### SEVENTEENTH AFFIRMATIVE DEFENSE

42. The complained of conduct was not unwelcome and therefore not actionable.

### EIGHTEENTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred in whole or in part by the relevant statute of limitations.

**WHEREFORE**, defendant demands judgment over and against plaintiff and respectfully requests an Order dismissing plaintiff's First Amended Complaint together with costs and disbursements.

Dated:    New York, New York
          April 29, 2013

>                  Yours, etc.,
>                  WILSON, ELSER, MOSKOWITZ,
>                  EDELMAN & DICKER LLP
>
> By:          /s Celena R. Mayo
>              Celena R. Mayo
>              Bindu Krishnasamy
>              Attorneys for Defendant
>              **TRADING TECHNOLOGIES INTERNATIONAL, INC.**
>              150 East 42nd Street
>              New York, New York 10017
>              (212) 490-3000
>              Our File No. 14113.00007